UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MOUSTAFA A. MOHAMED,                  :    CIVIL NO. **4:07-CV-01048**
                                      :
                Plaintiff             :    (Judge Jones)
                                      :
        v.                            :    (Magistrate Judge Smyser)
                                      :
JANINE DONATE,                        :
TIMOTHY BETTI,                        :
CPT. CHIARELLI and                    :
BARBARA FOX,                          :
                                      :
                Defendants            :


## REPORT AND RECOMMENDATION


I. Background and Procedural History.


On June 7, 2007, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.


The complaint names as defendants: 1) Janine Donate, the Warden of the Lackawanna County Prison (LCP); 2) Timothy Betti, the Assistant Warden of the LCP; 3) Captain Chiarelli, a shift commander at the LCP; and 4) Barbara Fox, a medical

supervisor at the LCP.  The plaintiff claims that defendants
Donate, Betti and Chiarelli are denying him a religious Halel
diet.  The plaintiff also claims that defendant Fox is denying
him a medical diet for his lactose intolerance.

On October 18, 2007, defendants Donate, Betti and
Chiarelli filed an answer to the complaint.

On August 24, 2007, defendant Fox filed a motion to
dismiss the complaint and a brief in support of that motion.
The plaintiff was ordered to file a brief in opposition to
defendant Fox's motion to dismiss, and, after he failed to do
so, we recommended that the case be dismissed pursuant to
Fed.R.Civ.P. 41(b).  The plaintiff objected to that
recommendation and contended that he did not receive a copy of
the order directing him to file a brief in opposition to
defendant Fox's motion to dismiss.  By an Order dated November
8, 2007, Judge Jones rejected the report and recommendation and
ordered the plaintiff to file a brief in opposition to
defendant Fox's motion to dismiss on or before November 23,

2007.  On November 23, 2007, the plaintiff filed a brief in opposition to defendant Fox's motion to dismiss.  No reply brief has been filed.

In this Report and Recommendation, we address defendant Fox's motion to dismiss the complaint.

II. Motion to Dismiss and Pleading Standards.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and

3

draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson, supra,* 127 S.Ct. at 2200. "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and

4

issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). The notice pleading standard applies to 42 U.S.C. § 1983 cases. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004)(holding that civil rights complaints are not required to meet a heightened pleading standard but are subject to the liberal standards of notice pleading).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 127 S.Ct. at 2200 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

The plaintiff's allegations regarding defendant Fox are terse. The plaintiff's entire statement of the claim against defendant Fox in the complaint reads: "Barbara Fox - advised of prior medical diet requirement of lactose intolerance, does nothing to resolve diet issues." *Doc. 1.*

5

Defendant Fox construes the plaintiff's complaint as attempting to state both a constitutional claim and a negligence claim against her.  Defendant Fox contends that the complaint fails to state a constitutional claim against her because the plaintiff has not alleged that she was acting under color of state law and because the plaintiff has not pled any allegations which demonstrate, or from which it could be inferred, that she was deliberately indifferent to a serious medical need of the plaintiff.  Defendant Fox contends that the negligence claim against her should be dismissed because the plaintiff had not filed a certificate of merit and because she has filed an affidavit of non-involvement in the plaintiff's medical care.

A. Constitutional Claim Against Defendant Fox.

The plaintiff's constitutional claim against defendant Fox is brought pursuant to 42 U.S.C. § 1983.  "Section 1983 imposes civil liability upon any person who, acting under the

6

color of state law, deprives another individual of any rights,
privileges, or immunities secured by the Constitution or laws
of the United States." *Shuman v. Penn Manor School Dist.,* 422
F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does not create
any new substantive rights but instead provides a remedy for
the violation of a federal constitutional or statutory right."
*Id.*  "To state a claim under § 1983, a plaintiff 'must allege
both a deprivation of a federally protected right and that this
deprivation was committed by one acting under color of state
law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d
Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir.
1997)).

Defendant Fox argues that the plaintiff has not alleged
that she was acting under color of state law and that,
therefore, the § 1983 claims against her should be dismissed.
This argument is without merit given that medical professionals
who provide care to inmates in a prison setting act under color
of state law. *See West v. Atkins,* 487 U.S. 42 (1988).

7

Defendant Fox argues that the complaint fails to state an Eighth Amendment claim against her upon which relief can be granted.

Although not apparent from the complaint, it appears from the documents filed by the plaintiff that the plaintiff is an immigration detainee at the Lackawanna County Jail rather than a convicted prisoner.  Since the plaintiff does not appear to be a convicted prisoner, the Eighth Amendment is not applicable to the plaintiff's claim against defendant Fox. *Natale v. Camden County Correctional Facility,* 318 F.3d 575, 581 (3d Cir. 2003)(stating that the Eighth Amendment applies only after the State has secured a formal adjudication of guilt in accordance with due process of law).  The Due Process Clause rather than the Eighth Amendment is applicable in this case. *Boring v. Kozakiewicz,* 833 F.2d 468, 471 (3d Cir. 1987)("Pretrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process clause.").  "The Due Process clause requires the government to provide appropriate medical care." *Id*.

8

The due process rights of detainees are "at least as great" as the Eighth Amendment protections available to convicted prisoners. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244 (1983).  Without determining how much more protection, if any, detainees are entitled to above the protection provided to convicted prisoners, the United States Court of Appeals for the Third Circuit has applied the standards enunciated in Eighth Amendment cases to medical claims by detainees. *See Boring, supra,* 833 F.2d at 473; *Natale, supra,* 318 F.3d at 581.  More recently, however, the Third Circuit has emphasized that the standards applicable to detainees are different than those applicable to convicted prisoners. *See Hubbard v. Taylor,* 399 F.3d 150, 164 (3d Cir. 2005)(reversing and remanding grant of summary judgment to prison officials on pretrial detainee's conditions of confinement claim because the district court improperly analyzed the claim under the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment).

9

At this point in this case, we need not determine in connection with a medical care claim how much more protection, if any, the Due Process Clause provides to detainees beyond that provided to convicted prisoners by the Eighth Amendment because we conclude that the plaintiff's complaint meets the standards for stating an Eighth Amendment claim against defendant Fox.

In order for the plaintiff to state a viable Eighth Amendment medical claim he must allege that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

Defendant Fox argues that the plaintiff has not made allegations from which it could be inferred that she acted with deliberate indifference.

Mere medical malpractice does not give rise to a violation of the Eighth Amendment.  *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990).  "While the distinction between

10

deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  The Third Circuit has also "found 'deliberate indifference' to exist when the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id.* (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).  Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment .

11

. . which remains a question of sound professional judgment."
*Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa.
1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612
F.2d 754, 762 (3d Cir. 1979)).  Mere disagreement as to the
proper medical treatment does not support an Eighth Amendment
claim. *Monmouth County Correctional Institutional Inmates v.
Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining
what constitutes deliberate indifference, have consistently
held that mere allegations of malpractice do not raise issues
of constitutional import. . . . Nor does mere disagreement as
to the proper medical treatment support a claim of an eighth
amendment violation."); *White*, *supra,* 897 F.2d at 110 (mere
disagreement over proper treatment does not state a claim upon
which relief can be granted).

The plaintiff's allegations against defendant Fox are
not detailed.  Nevertheless, we conclude that, accepting the
plaintiff's allegations as true and drawing all inferences in
the light most favorable to the plaintiff as we must when
deciding a motion to dismiss, the plaintiff has made

12

allegations from which it may reasonably be inferred that the plaintiff told defendant Fox about his need for a medical diet for lactose intolerance and that she failed or refused to provide a diet appropriate for his medical condition.  Although the plaintiff did not use the term deliberate indifference, the plaintiff's allegations provide defendant Fox with notice of the basis of his claim and we can not say as a matter of law at this point in the proceedings that the plaintiff will not be able to establish deliberate indifference on the part of defendant Fox.  Accordingly, it will be recommended that the 42 U.S.C. § 1983 claim against defendant Fox not be dismissed.

B. Negligence Claim Against Defendant Fox.

It is not clear that the plaintiff attempted to state a negligence claim against defendant Fox.  However, to the extent that the complaint can be read to contain a negligence claim we agree with defendant Fox that that claim should be dismissed because the plaintiff has failed to file a certificate of merit as required by Pennsylvania law.

13

Pennsylvania Rule of Civil Procedure 1042.3(a)
provides:

> (a) In any action based upon an allegation that
> a licensed professional deviated from an
> acceptable professional standard, the attorney
> for the plaintiff, or the plaintiff if not
> represented, shall file with the complaint or
> within sixty days after the filing of the
> complaint, a certificate of merit signed by the
> attorney or party that either
> (1) an appropriate licensed professional has
> supplied a written statement that there exists
> a reasonable probability that the care, skill
> or knowledge exercised or exhibited in the
> treatment, practice or work that is the subject
> of the complaint, fell outside acceptable
> professional standards and that such conduct
> was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from
> an acceptable professional standard is based
> solely on allegations that other licensed
> professionals for whom this defendant is
> responsible deviated from an acceptable
> professional standard, or
> (3) expert testimony of an appropriate licensed
> professional is unnecessary for prosecution of
> the claim.

Rule 1042.3 applies to civil actions "in which a professional liability claim is asserted against a licensed professional." Pa.R.Civ.P. 1042.1(a).  Pursuant to Pa.R.Civ.P. 1042.6, if a certificate of merit is not filed as required by Pa.R.Civ.P. 1042.3 the prothonotary, on praecipe of the defendant, shall

14

enter a judgment of *non pros* against the plaintiff.  Rule 1042.3 was adopted by the Pennsylvania Supreme Court on January 27, 2003.

The certificate of merit requirement of Pa.R.Civ.P. 1042.3 applies in a case pleading a claim for medical malpractice, whether the case is filed in state or federal court. *See generally Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000) (holding that New Jersey's affidavit of merit statute [which is similar to Pennsylvania's Rule 1042.3] is a substantive state law that must be applied by federal courts sitting in diversity).

The plaintiff has not filed a certificate of merit. Therefore, it will be recommended that any negligence claim against defendant Fox be dismissed.[1]

---

[1] Given that we will recommend that any negligence claim against defendant Fox be dismissed based on the plaintiff's failure to file a certificate of merit, we need not address defendant Fox's argument that the negligence claim be dismissed pursuant to 40 P.S. § 1303.506 on the basis of her affidavit of non-involvement.

15

IV. Recommendations.


        Based on the foregoing, it is recommended that

defendant Fox's motion (doc. 16) to dismiss be granted in part

and denied in part.  It is recommended that any negligence

claim against defendant Fox be dismissed but that the 42 U.S.C.

§ 1983 claim against defendant Fox not be dismissed.  It is

also recommended that the case be remanded to the undersigned

for further proceedings.



                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  December 20, 2007.


16