IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MOUSTAFA A. MOHAMED,  :      No. 4:07-CV-1048
          Plaintiff,  :
                    :      (Judge Jones)
          v.  :
                    :      (Magistrate Judge Smyser)
JANINE DONATE, *et al.*  :
          Defendants  :

## MEMORANDUM AND ORDER

January **30** , 2008

Before the Court is the report and recommendation (Doc. 31) entered on

December 20, 2007, in which Magistrate Judge J. Andrew Smyser recommends

that the pending motion to dismiss of Defendant Barbara Fox (Doc. 16) be granted

in part and denied in part.  No party has filed objections to the report and

recommendation within the time allowed by Local Rule 72.3.  This matter is

therefore ripe for the Court's decision.  For the reasons set forth below, the Court

shall adopt the report and recommendation.

## I.    BACKGROUND

Plaintiff Moustafa Mohamed, currently incarcerated at Lackawanna County

Prison, commenced this action with the filing of a complaint on June 7, 2007.

1

(Doc. 1.)  The complaint alleges that Fox is the "medical supervisor" at the prison and that she was "advised of prior medical diet requirement of lactose intolerance, does nothing to resolve diet issues." (*Id.* at 1, 2.)

## II.  DISCUSSION

When no objections are made to a magistrate judges's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

Fox first argues that the allegations against her, if construed as an Eighth Amendment claim, must be dismissed because Mohamed has failed to allege that she is a state actor subject to liability under § 1983 and because he has failed to state a claim for deliberate indifference.

Magistrate Judge Smyser correctly rejects Fox's first argument, as medical personnel under contract with a state or prison to provide medical services to prisoners are state actors for purposes of § 1983. *See West v. Atkins*, 487 U.S. 42, 54 (1988).  Fox, a "medical supervisor" at the prison, is therefore a state actor.

The Court also agrees with Magistrate Judge Smyser's conclusion that Mohamed's complaint suffices to state an Eighth Amendment claim against Fox. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A condition of confinement violates this Eighth Amendment duty only where it works an objectively serious deprivation and prison officials acted with a subjectively culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires an inmate to allege that he was deprived of the minimal civilized measure of life's necessities, such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires that the prison official have acted with "deliberate indifference," in that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Although the complaint is certainly "bare bones," Mohamed has stated an Eighth Amendment claim. A complaint need not contain detailed factual

3

allegations, but only enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The allegations of the complaint, if presumed true as they must be on this motion to dismiss, are that Mohamed was deprived of adequate food and that Fox knew of his lactose intolerance but did nothing to provide a necessary diet. These allegations suffice to state a claim based on Mohamed's conditions of confinement. *See Jackson v. Gordon*, 145 Fed. Appx. 774, 776-77 (3d Cir. 2005) (holding district court erred in dismissing Eighth Amendment claim where inmate alleged that he was severely lactose intolerant and was given inadequate meals). Although more detail will be needed for Mohamed to prevail on his Eighth Amendment cause of action, the complaint's allegations are enough to entitle him to present a set of facts that supports his claim.

Fox also argues that, to the extent Mohamed attempts to state a professional malpractice claim against her, the claim must be dismissed for failure to file a certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3. Although it appears likely that Mohamed intended only to assert an Eighth Amendment conditions of confinement claim, to the extent the complaint can be read to assert a medical malpractice claim against Fox, such a claim must be dismissed for lack of a certificate of merit.

## III.   CONCLUSION

For the foregoing reasons, the Court will adopt the report and recommendation, deny Fox's motion to dismiss as to Mohamed's Eighth Amendment claim, and grant Fox's motion as to any negligence claim.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   The Report and Recommendation of Magistrate Judge Smyser (Doc. 31) is ADOPTED;

2.   The Motion for to Dismiss of Defendant Barbara Fox (Doc. 16) is GRANTED to the extent that any negligence claim against Fox contained in the complaint is dismissed;

3.   The Motion for to Dismiss of Defendant Barbara Fox (Doc. 16) is otherwise DENIED; and

3.   This case is REMANDED to Magistrate Judge Smyser for further proceedings.

John E. Jones III
United States District Judge