IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOUSTAFA A. MOHAMED, | : | No. 4:07-CV-1048 |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| JANINE DONATE, *et al.* | : | |
| Defendants | : | |

## **MEMORANDUM**

January 15, 2009

Before the Court is Magistrate Judge J. Andrew Smyser's report and recommendation (Doc. 76) which recommends that this action be set down for trial on the remaining claims against defendants Donate, Betti, and Chiarelli. No party has filed objections to the report and recommendation, and the time in which to do so has elapsed. However, for the reasons explained below, the Court will reject the recommendation and will dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff Moustafa Mohamed's failure to prosecute and failure to follow Court orders.

The report and recommendation currently before the Court was entered on December 22, 2008. On that date, a copy of the same, as well as another order issued by the Magistrate Judge (Doc. 75), was mailed to Mohamed at the address

1

at the Pike County Correctional Facility that he provided to the Clerk of the Court. On January 6, 2009, this mail was returned to the Clerk's office as undeliverable, with the note that Mohamed is no longer at the Pike County facility. (Doc. 77.) The Court's Standing Practice Order in Pro Se Prisoner Cases, which was issued in this case, specifically informed Mohamed of his affirmative obligation to keep the Court informed of changes in his address and warned that if the Court is unable to communicate with Mohamed because he has failed to notify the Court of his address, he will be deemed to have abandoned this suit. (Doc. 4 at 4.)

We will also take judicial notice of the filings in Mohamed's other case before this Court, captioned *Mohamed v. Lowe*, 4:08-CV-1206. In that case, by order of December 16, 2008, the Court granted the defendant's motion to dismiss for Mohamed's failure to prosecute. As in this case, Mohamed failed to inform the Court of a change in his address and left the Court and the defendant with no means of communicating with him. The defendant in that action also provided notice from United States Immigration and Customs Enforcement advising that Mohamed had been deported to Egypt.

Fed. R. Civ. P. 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, district courts have inherent power to dismiss an action for failure to

prosecute and may do so without affording notice or providing an adversary hearing. *Reshard v. Lankenau Hosp.*, 256 Fed. Appx. 506, 507 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same).

In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-78 (3d Cir. 1994) (applying *Poulis* factors to dismissal under Rule 41(b)). The court must consider all six factors. *Ware*, 322 F.3d at 221-22; *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 162 (3d Cir. 2003). Dismissal is an extreme sanction, and any doubts should be resolved in favor of an adjudication of the case on its merits. *Id.*

However, each factor need not be satisfied to justify dismissal. *Id.* In this case, the balance of the *Poulis* factors weighs in favor of dismissal.

With regard to the first *Poulis* factor, the responsibility to keep the Court informed of his current address was solely Mohamed's. Mohamed was specifically advised of this obligation by Court order.

The second *Poulis* factor weighs heavily in favor of dismissal. Simply put, there is no way for the remaining defendants to defend against the claims in this action in the absence of Mohamed, nor is there any way for the Court to conduct trial on those claims.

As to the third *Poulis* factor, Mohamed has shown a history of dilatoriness in this action and in other cases. As noted above, Mohamed's other action before this Court was dismissed for failure to prosecute under the same circumstances presented here. Moreover, in this action, Mohamed has repeatedly failed to file required briefs (*see* Docs. 20, 44, 75), and this case was previously almost dismissed under Rule 41(b) for failure to prosecute (*see* Docs. 25, 29).

As to the fourth *Poulis* factor, Mohamed's repeated dilatory conduct and failure to abide by Court orders demonstrate a willful disregard for procedural rules and Court directives.

As to the fifth *Poulis* factor, no alternate sanctions are appropriate. The Court is left with no means of communicating with Mohammed to impose any lesser sanction than dismissal.

Finally, in regard to the sixth factor of *Poulis*, it is difficult to gauge the merit of Mohamed's claims based on the few substantive filings before the Court; however, the paucity of Mohamed's factual allegations and the disjointed nature of his complaint do not bode well for his chances of success.

In sum, the *Poulis* factors weigh heavily in favor of dismissal of this action which simply cannot proceed to trial without Mohamed, and the Court is left with no choice but to dismiss this case. For the foregoing reasons, the report and recommendation will be rejected, and this action will be dismissed pursuant to Fed. R. Civ. P. 41(b). An appropriate order will issue.